# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MOMBASA DOUGLAS,**

    **Plaintiff,**

vs.                                             **Case No. 4:17cv02-MW/CAS**

**JANE DOE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, initiated this case in January 2017 by submitting a civil rights complaint, ECF No. 1. After Plaintiff paid the assessed initial partial filing fee, ECF Nos. 5-6, the complaint was reviewed as required by 28 U.S.C. § 1915A. A Report and Recommendation was entered recommending the complaint, ECF No. 1, be dismissed for failure to state a claim. ECF No. 7.

After being granted an extension of time in which to file objections, ECF Nos. 8-9, Plaintiff filed a motion requesting leave to file an amended complaint. ECF No. 10. Although it could not be determined whether Plaintiff was seeking to proceed with a viable complaint because he did not

submit the proposed amended complaint at the same time he filed the motion, Plaintiff's motion was granted and the prior Report and Recommendation, ECF No. 7, was vacated. Plaintiff was cautioned to review the Report and Recommendation, ECF No. 7, and omit the claims which were explained as insufficient and time barred. ECF No. 11.

On May 30, 2017, Plaintiff filed an amended complaint, ECF No. 13, which has been reviewed pursuant to 28 U.S.C. § 1915A. The amended complaint is once again brought against a Jane Doe Defendant, Plaintiff's classification officer at Wakulla Correctional Institution Annex. Although Plaintiff is serving a conviction within the Florida Department of Corrections, he is currently out of the Department's custody and is detained at the Duval County Detention Facility. ECF No. 13.[1]

Plaintiff alleges that he arrived at Wakulla C.I. and was interviewed by Jane Doe on July 13, 2012, after arriving at the institution. ECF No. 13 at 5. She asked him "some sexually explicit questions," which he did not answer, and then "threatened" him and told him he "would regret it." *Id.* Thereafter, Plaintiff learned that he had been registered "as a sex offender"

---

[1] Judicial notice has been taken of the Department of Corrections's website providing offender information. *See* www.dc.state.fl.us. Plaintiff was sentenced to 10 years in prison on April 9, 2011. ECF No. 13 at 5.

with the Florida Department of Law Enforcement and posted that information on "numerous" unnamed web sites. *Id.* Plaintiff alleged that he believed Jane Doe posted the information and he attempted to question her about it. *Id.* She responded, "Take it up with Washington State." *Id.*

Plaintiff makes the conclusory allegation that the State of Washington did not post the information due "to a settlement that was reached" between himself and the State. *Id.* at 6. He also alleges, without any supporting facts, that Jane Doe posted his information to numerous web sites and treated him differently than other sex offenders. *Id.*

Plaintiff contends that Jane Doe's actions violated his right to Equal Protection under the Fourteenth Amendment. *Id.* at 7. Plaintiff requests that the posted information be removed and that all costs associated with that removal be paid by Jane Doe. *Id.*

Judicial notice is taken that Plaintiff Mombasa Douglas is listed on the Florida Department of Law Enforcement's (FDLE) website as a sexual offender.[2] The website includes a photograph of Plaintiff and lists the "Crime Information - Qualifying Offenses" as having occurred in Spokane, Washington. The website identifies court case number 96-1-02475-0,

---

[2] See http://offender.fdle.state.fl.us/offender/flyer.do?personId=75489.

Case No. 4:17cv02-MW/CAS

indicating he was adjudicated guilty on February 19, 1998, and the victim was a minor female. Finally, the website lists Plaintiff's address is being incarcerated within the Department of Corrections and provides the source of the information as the Department of Corrections and notes it was "received: 06/16/2011."

"To establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir.1986) (per curiam) (quoted in Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001)). Here, Plaintiff's asserted equal protection claim is insufficient because his allegations are entirely conclusory. Plaintiff alleges no specific facts showing that Jane Doe, as opposed to a multitude of other prison officials, provided information to F.D.L.E. Plaintiff has provided no specific facts which show that he was treated differently than any other identifiable prisoner with a qualifying sex offender conviction. Moreover, he does not assert any basis for the allegedly discriminatory treatment. Because Plaintiff does not allege that he was treated differently on the basis of race,

gender, or other protected category, his claim is insufficient. A complaint is properly dismissed where prisoner alleges "nothing more than conclusory allegations that officials treated [him] differently than other similarly-situated prisoners . . . ." <u>Smith v. Reg'l Dir. of Florida Dep't of Corr.</u>, 368 F. App'x 9, 13 (11th Cir. 2010).

As an additional point, a complaint's well-pleaded factual allegations are accepted as true; but legal conclusions or unsupported conclusory statements do not suffice. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Plaintiff alleged that he "had been in the Dept. of Corr. for over a [year] at a number of institutions prior to Jane Doe posting the information." ECF No. 13 at 6. That is a conclusory assertion not supported by specific facts. The F.D.L.E. website shows the information was received on June 16, 2011, from the Department of Corrections, *before* Plaintiff arrived at Wakulla Correctional Institution and interacted with the Jane Doe Defendant in July 2012.

The Department of Corrections is required to compile information on sexual offenders in its custody or control and provide that information to F.D.L.E. FLA. STAT. § 944.607(5),(6). Furthermore, Department of Corrections' officials who provide such information to FDLE are "immune

Case No. 4:17cv02-MW/CAS

from civil liability for damages for good faith compliance with the requirements of this section or for the release of information under this section, and shall be presumed to have acted in good faith in compiling, recording, reporting, or releasing the information." FLA. STAT. § 943.0435(10); FLA. STAT. § 944.607(11). Plaintiff's claim is erroneous.

Moreover, Plaintiff does not allege that the posted information is not true. "Although the public availability of the information may have a lasting and painful impact on the convicted sex offender, these consequences flow not from the Act's registration and dissemination provisions, but from the fact of conviction, already a matter of public record." Smith v. Doe, 538 U.S. 84, 101, 123 S.Ct. 1140, 1151, 155 L.Ed.2d 164 (2003) (holding that retroactive application of sex predator registration requirements do not violate ex post facto clause). Plaintiff has not alleged any facts which demonstrate a viable claim. This case should be dismissed for failing to state a claim.

Accordingly, it is respectfully **RECOMMENDED** that the amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2017.

<u>　S/　　Charles A. Stampelos　　　　</u>
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**